IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,

| | |
|---|---|
| ADVANTAGE HEALTHCARE, LTD., an Illinois corporation, individually and as the representatives of a class of similarly-situated persons,<br><br>      Plaintiff,<br><br>  v.<br><br>DNA DIAGNOSTICS CENTER, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 17-cv-9001<br>)<br>) CLASS ACTION<br>)<br>) |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, Advantage Healthcare, Ltd. ("Advantage" or "Plaintiff"), individually and on behalf of a class of similarly-situated persons, through its attorneys, and pursuant to Fed. R. Civ. P. 23, moves for entry of an order certifying the following class:

> Each person or entity that was sent one or more telephone facsimile messages after October 12, 2013 offering laboratory testing services available through 1-800-DNA-CENTER (1-800-362-2368) that did not inform the fax recipient that he or she may make a request to the sender of the advertisement not to send any future facsimile advertisements and that failure to comply with the request within 30 days in unlawful.

1.  Plaintiff files this motion soon after the filing of its Class Action Complaint in order to avoid an attempt by Defendant to moot Plaintiff's individual claims in this class action. However, in this case, additional discovery is necessary

for the court to determine whether to certify the class Plaintiff seeks to represent. As a result, Plaintiff will seek leave to pursue class discovery as soon as practicable.

2. The prerequisites to class certification set out under Fed. R. Civ. P. 23(a) are met. Upon information and belief, the class is so numerous that joinder is not practicable. The claim of the Class Representative raises questions of law and fact common to and typical of the claims of each class member, and the Class Representative will fairly and adequately protect the interests of the members of the class. Since the expense and burden of individual litigation effectively makes it impossible for individual class members to seek redress for the wrongs alleged in the Class Action Complaint, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

3. The case involves common fact questions about Defendant's fax campaign and common legal questions under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), such as:

   a. Whether <u>Exhibit A</u>, <u>Exhibit B</u>, and other yet-to-be-discovered facsimiles sent by or on behalf of Defendant advertised the commercial availability or quality of any property, goods or services;

   b. Whether Defendant was the sender of advertisements by facsimile promoting the commercial availability or quality of any property, goods, or services;

   c. The manner and method used to compile or obtain the list(s) of fax

numbers to which Defendant sent fax advertisements;

d. Whether the Court should award statutory damages to Plaintiff and the other class members;

e. If the Court finds that Defendant willfully or knowingly violated the TCPA, whether the Court should exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than three times the amount;

f. Whether the Court should enjoin Defendant from faxing advertisements in the future; and

g. Whether Defendant's conduct as alleged herein constituted conversion.

4. Additionally, class certification is proper under Rule 23(b)(3), because questions of law or fact to Plaintiff's claim and the claims of each class member predominate over any question of law or fact affecting only individual class members, and class representation is superior to other methods for the fair and efficient adjudication of this controversy.

5. Plaintiff requests leave to submit a brief and other evidence in support of this motion after obtaining discovery regarding the class elements. This procedure comports with Fed. R. Civ. P. 23(c)(1)(A), which permits district courts to wait until "an early practicable time" before ruling on a motion to certify a class. *See also Damasco v. Clearwire Corp.*, 662 F.3d 891, 897 (7th Cir. 2011)("[A] court may abuse its discretion by not allowing for appropriate discovery before deciding

whether to certify a class.")(overruled on other grounds by *Chapman v. First Index, Inc.*, __ F.3d __ 2015 WL 4652878 (7th Cir. Aug. 6, 2015))(internal citations omitted); *Whiteamire Clinic v. Quill Corp.*, 2013 WL 5348377 at * 3 (N.D. Ill. Sept. 24, 2013)(Schenkier, J.)("Moreover, the information plaintiff seeks in the contested first and second requests for production is clearly relevant to class discovery; specifically, to the issues of numerosity, commonality, and typicality.").

**WHEREFORE**, based upon the foregoing, Plaintiff respectfully requests that the Court certify this action as a class action pursuant to Fed. R. Civ. P. 23.

December 14, 2017

Respectfully submitted,

ADVANTAGE HEALTHCARE, LTD., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,

By: /s/ Phillip A. Bock

Phillip A. Bock
Tod A. Lewis
David. M. Oppenheim
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500
Facsimile: 312-658-5555

4